**Antonio Gomez HERNANDEZ, Plaintiff–Appellant,**

v.

**Phillip MAXWELL and Midland Police Department, Defendants–Appellees.**

No. 90–8062
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 10, 1990.

Antonio Hernandez, Lovelady, Tex., pro se.

Dorothy G. Palumbo, D. Kirk Swinney, Midland, Tex., for defendants-appellees.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

The district court granted defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss the 42 U.S.C. § 1983 suit filed *pro se* by Antonio Gomez Hernandez against the Midland, Texas Police Department and Detective Phillip Maxwell. Concluding that Hernandez has stated a cause upon which the requested relief may be granted, we vacate and remand for further proceedings.

### Background

On June 9, 1987 members of the Midland Police force, led by detective Maxwell, searched the residence of Hernandez pursuant to a warrant authorizing the search and seizure of heroin. No heroin was found but Hernandez was arrested and charged with possession of a controlled substance, a charge subsequently dismissed for insufficient evidence. During the course of the search the officers seized a sum of money. Hernandez alleges the sum was $2311. The defendants admit to seizing $140 from Hernandez's person and $271 from his bedroom. No receipt was given to Hernandez for the cash, nor was it returned.

Defendants moved for dismissal under Fed.R.Civ.P. 12(b)(6). The court invited a response from Hernandez which was forthcoming, again *pro se*. In his response to the motion Hernandez alleged that the defendants "intentionally appropriated the plaintiff's property [the cash] without due process of law with the intention of purposely depriving plaintiff of that property."

The court granted defendants' motion, concluding that Hernandez had failed to allege a claim of constitutional proportions. Hernandez timely appealed.

### Analysis

To prevail in a 42 U.S.C. § 1983 suit a complainant must prove: "(1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of this right acted 'under color of any statute'" of the state. *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir.1988).

We detailed the standard of review for a 12(b)(6) motion in *Rankin v. City of Wichita Falls*, 762 F.2d 444, 446 (5th Cir.1985), stating:

> The standard of review of a dismissal for failure to state a claim upon which relief may be granted is well established. We must accept all well pleaded averments as true and view them in the light most favorable to the plaintiff. We will not go outside the pleadings and we cannot uphold the dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Hernandez meets the first requirement of alleging deprivation of a constitutional right. He claims that he was subjected to an illegal search and seizure. He alleges that in the course of executing an invalid search warrant for heroin, cash was taken from his person and his bedroom. In addition to the dispute as to the amount, Hernandez alleges that the cash was taken, no receipt was given, and none was returned notwithstanding dismissal of the heroin charge for want of evidence. Giving his *pro se* pleading the expansive reading mandated by *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we are persuaded that Hernandez has alleged a violation of his constitutional right under the fourth amendment to be free of unreasonable searches and seizures, as well as his fourteenth amendment right not to be deprived of his property except pursuant to due process of law.

The second requirement is manifest—the officers were acting under color of state law when they allegedly deprived Hernandez of his constitutional rights. Hernandez adequately alleges such.

In granting the dismissal, the district court stated that it was "not convinced that a constitutional violation [arose because] significant amounts of cash are often associated with drug trafficking and because the cash in question was found in 'plain view' scattered on the bedroom floor and upon Hernandez's person after his arrest." In ruling on this threshold Rule 12(b)(6) motion the court *a quo* went beyond the pleadings and determined both the validity *vel non* and the validity of execution of the search warrant. Both exercises were premature.

The defendants contend that Hernandez has no cause of action because he failed to allege that the failure to return the money was caused by anything other than negligence. "Without an intentional act, there is no 'deprivation' in the constitutional sense." *Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir.1988). Defendants do not accord Hernandez's allegations the reading to which they are entitled. He alleges the intentional appropriation of his property, and a willful and permanent deprivation.

Finally, defendants seek shelter in the assertion that Hernandez has no § 1983 claim because he has an adequate postdeprivation remedy. The district court accepted this contention, citing *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and holding that Hernandez has no § 1983 claim because he has an adequate postdeprivation remedy.

An adequate postdeprivation remedy may preclude a § 1983 action. But we perceive the existence of a postdeprivation remedy as less than an adequate 12(b)(6) shield in the case at bar. Postdeprivation remedies are relevant, in a § 1983 setting, only to procedural constitutional violations. They are not relevant to instances involving "substantive constitutional proscriptions applicable to the states." *Augustine v. Doe*, 740 F.2d 322, 325 (5th Cir.1984). In those instances, "when a plaintiff alleges that state action has violated an independent substantive right, he asserts that the action itself is unconstitutional. If so, his rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action." *Id.* at 327. *Cf. Cruz v. Cardwell*, 486 F.2d 550 (8th Cir. 1973). The latter fairly characterizes Hernandez's allegations of fourth amendment violations.

The judgment of the district court dismissing without prejudice the § 1983 complaint of Hernandez is VACATED and the

matter is REMANDED for further proceedings consistent herewith.