**Ann V. GARRETT, et al., Plaintiffs,**

**v.**

**COASTAL FINANCIAL MANAGEMENT COMPANY, INC., et al., Defendants.**

**Civ. A. No. H–89–3006.**

United States District Court, S.D. Texas, Houston Division.

Sept. 18, 1990.

Van Huseman, White Huseman Pletcher & Powers, Corpus Christi, Tex., for plaintiffs.

Richard A. Hipp, Brown & Fowler, Houston, Tex., for defendants.

MEMORANDUM OPINION

DeANDA, Chief Judge.

Plaintiffs filed this action in state court, naming as defendants Coastal Financial Management Co., Commonwealth Mortgage Company of America, L.P. ("CMCALP") and Commonwealth Mortgage Corporation of America ("CMCA").[1] CMCALP and CMCA are subsidiaries of Commonwealth Savings Association ("CSA"), which was not named as a defendant to this action. The Federal Deposit Insurance Corporation ("FDIC"), as managing agent for the Resolution Trust Corporation, acting as receiver for the assets of CSA, intervened and removed the case to federal court. This Court held that the removal was proper because CMCALP and CMCA are wholly-owned subsidiaries of CSA and, as assets of CSA, are subject to the FDIC's management and control under 12 U.S.C. § 1730(e)(3) and FIRREA § 501(a). The case is currently before the Court on the FDIC's motion to dismiss pursuant to 12 U.S.C. § 1823(e) and the doctrine of *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). The parties have submitted briefs on the motion which narrow the issues, and the motion to dismiss is ripe for decision. The sole issue for resolution at this point is whether the defenses available under the *D'Oench* doctrine and § 1823(e) apply to claims against subsidiaries of financial institutions which have been deemed insolvent and for which a receiver has been appointed. It is the holding of this Court that the defenses do apply.

Plaintiffs allege in their complaint that the defendants CMCA and CMCALP breached their contractual and fiduciary duty to maintain adequate insurance for plaintiffs' property. Plaintiffs also assert claims of negligence and deceptive trade practices. It is undisputed that there exists no written agreement between plaintiffs and CMCA or CMCALP to maintain insurance of any specific type or in any specific amount. It is also conceded that the defenses available under *D'Oench* and § 1823(e), if applicable, would preclude this action.

Plaintiffs have cited no cases to the Court which hold that the defenses do not apply to actions against subsidiaries. Indeed, the relevant case law supports a holding that the defenses apply to agreements with certain entities other than the failed institution itself. The Fifth Circuit has stated that the "language of [§ 1823(e) ] is all encompassing," applying the statute to an alleged side agreement with a mortgage company which later conveyed the asset to a bank which became insolvent. *Federal Deposit Insurance Corp. v. Hoover–Morris Enterprises,* 642 F.2d 785, 787 (5th Cir.1981). In *People ex rel. Hartigan v. Commonwealth Mortgage Corp. of America,* 723 F.Supp. 1258 (N.D.Ill.1989), the plaintiff conceded that the defendant's "status as a subsidiary of the entity taken over by FSLIC, rather than the entity itself, does not affect the relevance of *D'Oench.*" *Id.,* at 1261.

The Court's holding that the defenses available under *D'Oench* and § 1823(e) apply to affirmative claims against a wholly-owned subsidiary of a failed institution is also consistent with the underlying policy considerations. The federal regulatory agencies and the appointed receiver of the institution must be able to rely upon the written records of the institution and its assets, such as wholly-owned subsidiaries, in determining the financial condition of the parent. An accurate and complete record of the subsidiary, including all its "side agreements," is necessary because the financial condition and potential liability of an asset is critical to an accurate and complete understanding of the financial condition of the parent institution. To ensure that the regulators have the complete information they require, *D'Oench* and

1. The Court notes that no allegations in the complaint refer to Coastal Financial Management Company, Inc. Consequently, dismissal of the complaint as to Coastal Financial is appropriate.

§ 1823(e) defenses must be available to the subsidiaries as well as to the parent.

Having found that the defenses available under *D'Oench* and § 1823(e) apply, the Court must grant defendant's motion to dismiss. An appropriate final order consistent with this memorandum opinion shall be signed this day.