Michael WILLIAMS

v.

Frank C. BLACKBURN, et al.

Civ. A. No. 85–512–A.

United States District Court,
M.D. Louisiana.

March 26, 1991.

J. Courtney Wilson, New Orleans, La., for plaintiff.

Joseph E. Kopsa, Asst. Atty. Gen., Corrections Section, Baton Rouge, La., for defendants.

## MEMORANDUM RULING

JOHN V. PARKER, Chief Judge.

This matter is before the court upon the Second Supplemental Magistrate's Report of United States Magistrate Stephen C. Riedlinger, dated January 9, 1991.[1] Objections have been filed by plaintiff, by intervenor, J. Courtney Wilson (plaintiff's former attorney), and by defendants, David Bonnette and Robert Rowe.

Preliminarily, the court notes that the magistrate has spent considerable time reviewing the evidence and discussing at length the facts and applicable law in reaching his ultimate conclusions and recommendations. The court accordingly will not reiterate the facts and the law. However, the court has carefully reviewed the

---

1. The report supplements the magistrate's original report filed on October 17, 1988, and a supplemental report filed on May 3, 1990. The court has additionally reviewed the prior reports and findings to the extent that they are adopted by the magistrate in his second supplemental report.

evidence "de novo" as to all factual objections and has additionally reviewed the report for errors of law.

In a nutshell, inmate Michael Williams seeks damages under § 1983 and state law based upon: (i) his claim that correctional officers, Bonnette and Rowe, knowingly allowed another inmate to throw scalding water on him on February 21 and 22, 1985; (ii) his claim of an unprovoked attack by Officer Couvillion on April 12, 1985 and (iii) his claims of denial of medical care following each incident.

Following an evidentiary hearing, the magistrate essentially accepted plaintiff's version of these incidents but found that plaintiff had not suffered any significant[2] injury which would support his claims under the Eighth Amendment. Nevertheless, the magistrate concluded that plaintiff could recover on his failure to protect claim made under the Fourteenth Amendment[3] as he concludes that there is no significant injury requirement for such a claim. The

magistrate further concluded that plaintiff's pendent state law claims are barred by the Eleventh Amendment.[4]

Consequently, the magistrate recommended that judgment be entered against Bonnette and Rowe in the amount of $3,000 in compensatory damages and $10,000 in punitive damages. It is additionally recommended that the claim for attorney's fees made by plaintiff's former counsel of record be denied due to the absence of any data showing the nature and extent of those services.

■ As discussed by the magistrate, the record clearly reflects that plaintiff suffered no significant injuries as a result of the "burning"[5] or "beating"[6] incidents. The court agrees with the magistrate that in view of *Huguet v. Barnett*, 900 F.2d 838 (5th Cir.1990), a "significant injury" must be shown in order to prevail under the Eighth Amendment.[7] Plaintiff's legal ob-

**2.** The magistrate concluded that this necessarily precluded his Eighth Amendment claims that defendants had been deliberately indifferent to his serious medical needs. This determination is undoubtedly correct.

**3.** Relying primarily upon *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (involving the negligent failure to protect an inmate against an attack by another inmate), the magistrate concluded that conversely a claim would rise to the level of a constitutional violation where prison officials simply stood by and permitted an attack to proceed or as in this case they intentionally assisted the attack.

**4.** Despite plaintiff's legal objection, the court finds that the pendent state court claims should be dismissed under *Hughes v. Savell*, 902 F.2d 376 (5th Cir.1990).

**5.** As a result of the first hot water attack, plaintiff testified that his face and shoulder were red and that he had two or three little blisters on his face and a quarter-size blister on his shoulder. Tr. 12. In the second attack, the water bounced off the wall to hit him in the face. Tr. 16. He could not tell if he had any additional injuries. Tr. 16. Plaintiff testified that the water stung when it hit him and that liquid ran from his blisters for four or five days. While this was "really irritating" it "wasn't really any—that much pain." Tr. 19. He further testified that the incidents caused him to lose sleep (for fear of being attacked again) until he was transferred a couple of weeks later. Tr. 20. While

scalding water could potentially cause serious injuries, the court finds that plaintiff's own testimony shows that his injuries were not significant.

**6.** According to plaintiff, he had back and head pains and experienced dizziness after the attack. Tr. 23–26. He testified that he passed out in the waiting room, after having had "a little routine check" in the hospital emergency room. When he came to, Sergeant Jeansonne had his foot on plaintiff's head, which resulted in "little bruises." Plaintiff testified that his back problems continued for quite some time after the beating and that he still had problems "off and on" at the time of the hearing. Tr. 23. He explained that his lower back "goes to hurting" "anytime I sit up straight too long." He testified that he had a pain in the back of his head for two weeks which eventually went away. Tr. 25–26.

Not only does plaintiff's testimony seem somewhat implausible and exaggerated on its face, the court has no reason to disbelieve the medical records, as reviewed by Dr. Charles Lewis, which reflect that plaintiff seemed to be in satisfactory condition, with no swelling noted. Tr. 48–50. Nor is there any credible evidence to relate his subsequent complaints to the attack.

**7.** See especially, *Wesson v. Oglesby*, 910 F.2d 278 (5th Cir.1990) (rejecting argument that any force beyond "de minimis" is unconstitutional when there is a complete absence of justification for the use of force).

jection, which is based upon older Fifth Circuit cases, lacks merit.

This court is, of course, bound by all Fifth Circuit precedent and must apply it. The court feels compelled to note, however, that the "significant injury" standard established by *Huguet* and its progeny seems destined to encourage venal prison guards in their deliberate use of force upon inmates. When the courts tell correctional officers that they are free to use force at will, provided they stop short of what the Fifth Circuit calls "significant injury," the courts in effect pronounce an "open season" upon inmates which is likely to encourage unrestrained correctional officer use of force and violence in penal institutions. Ultimately, there is strong probability of an increasing number of "significant injuries" to be inflicted by correctional officers who did not know when to stop.

■ Defendants challenge the legal conclusion that plaintiff may still make out a Fourteenth Amendment claim. Defendants' reliance on the *Parratt–Hudson*[8] line of cases lacks merit because the violation at issue is substantive rather than procedural. See *Hernandez v. Maxwell*, 905 F.2d 94 (5th Cir.1990). The court, however, is inclined to agree with defendants that the Fourteenth Amendment does not afford plaintiff additional rights over the Eighth Amendment.[9]

The Fifth Circuit has held that the Eighth Amendment protects prisoners from "conscious or callous indifference" by prison guards and officials in connection with attacks by other inmates. *Johnston v. Lucas*, 786 F.2d 1254 (5th Cir.1986). As noted above, the Fifth Circuit has since made a "significant injury" an essential element of a claim of excessive force under the Eighth Amendment. *Huguet*, supra. The court concludes that it would be illogical to make a significant injury an essential element for an excessive force claim by a guard but not for a failure to protect claim.

Similarly, it makes little sense to allow an inmate who has not met his burden of proof under the Eighth Amendment to then assert a claim for protection under the Fourteenth Amendment. Otherwise, a prison guard who callously allows another inmate to cause "insignificant injuries" would be liable in damages under the Fourteenth Amendment but a prison guard who personally inflicts the same injuries would not be liable. It strikes this court that it may well be more logical to do away with the "significant injury" requirement all together. However, as previously stated, the present Fifth Circuit jurisprudence (albeit somewhat hazy as discussed by the magistrate) indicates that a significant injury is an essential element of an Eighth Amendment claim.

Consequently, the court finds that the magistrate erred in finding that plaintiff is entitled to damages under a Fourteenth Amendment analysis. In view of this ruling, the court need not address the objection relating to an award of attorney's fees.

Accordingly, the report of the magistrate is hereby approved and adopted except as modified herein. Judgment will be entered in favor of defendants.

---

**8.** *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

**9.** In the context of an excessive force claim, it is now clear that the Eighth Amendment "serves as the primary source of substantive protection." *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 1871, n. 10, 104 L.Ed.2d 443 (1989) (citing *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). There is no apparent reason to treat a failure to protect claim any differently.