IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10145
Conference Calendar
_____

STANLEY W. STEPHENS,

Plaintiff-Appellant,

versus

CARL SCHROEDER,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-75-A
- - - - - - - - - -
June 28, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

A district court may dismiss an in forma pauperis (IFP) complaint as frivolous pursuant to 28 U.S.C. § 1915(d) if it lacks an arguable basis in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove that he was deprived of a federal constitutional or statutory right and that the persons depriving him of that right acted under color of state law. Daigle v. Opelousas Health Care

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

<u>Inc.</u>, 774 F.2d 1344, 1348-49 (5th Cir. 1985); <u>Hernandez v. Maxwell</u>, 905 F.2d 94, 95 (5th Cir. 1990). A private party is generally considered to act under color of state law only in certain circumstances, such as when that party is involved in a conspiracy or participates in joint activity with state actors. <u>Hobbs v. Hawkins</u>, 968 F.2d 471, 480 (5th Cir. 1992). Stephens's complaint does not allege that Schroeder is a state actor, or that he engaged in joint activity or in a conspiracy with state actors.

Stephens's § 1983 claim has no basis in law or in fact. Furthermore, nothing in his brief indicates that a hearing or a questionnaire would have developed a viable claim. Thus, the district court did not abuse its discretion in dismissing Stephens's complaint as frivolous. <u>Eason</u>, 14 F.3d at 9. Stephens's appeal is without arguable merit and thus frivolous. <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).

APPEAL DISMISSED. <u>See</u> 5th Cir. Rule 42.2.