**UNITED STATES of America for the Use and Benefit of Tri–State Road Boring, Inc.**

**v.**

**UNITED STATES FIDELITY & GUARANTY COMPANY and Hamp's Enterprises, Inc.**

**Civil Action No. 96–0098.**

United States District Court, E.D. Louisiana.

Nov. 25, 1996.

Bert ·K. Robinson, Bert Robinson, Attorney at Law, Baton Rouge, LA, for Plaintiff.

Kyle D. Schonekas, Edwin H. Neill, III, Stone, Pigman, Walther, Wittmann & Hutch-

---

inson, L.L.P., New Orleans, LA, for Defendants.

### ORDERS AND REASONS

FALLON, District Judge.

Before the Court are the defendants' motion to dismiss and the plaintiff's motion to amend its complaint. For the reasons that follow, the defendants' motion to dismiss is GRANTED and the plaintiff's motion to amend its complaint is DENIED.

## I. BACKGROUND:

In early 1994, Raytheon Service Company ("Raytheon") was awarded a contract for the construction of a control tower at Moisant International Airport, located in New Orleans, Louisiana.[1] On June 2, 1994, Raytheon subcontracted the installation of a navaids cable duct bank to the defendant, Hamp's Enterprises, Inc. ("Hamp's"). Hamp's, as principal, and United State Fidelity & Guaranty Company ("USF & G"), as surety, executed a standard payment bond (the "Hamp's–Raytheon bond"), which listed Raytheon as the only obligee.[2]

On June 3, 1994, Hamp's subcontracted with the plaintiff, Tri–State Road Boring, Inc. ("Tri–State"), to furnish and install a steel casing crossing for the runway and roadway. The contract price was in the amount of $150,000.

The subcontract between Hamp's and Tri–State required that Tri–State complete its work in thirty calendar days, after which Tri–State would become liable for liquidated damages in the amount of $500 per day. The subcontract further required that if Tri–State failed in performance, Hamp's would deduct the deficiencies from any payments due under the contract.

On March 23, 1995, Hamp's sent a letter informing Tri–State that Hamp's was withholding funds for "delayed mobilization. and defective workmanship". The amount of this withholding was over one-half of the contract price.

On January 11, 1996, Tri–State filed this action pursuant to the Miller Act against Hamp's seeking payment on the Hamp's–Raytheon bond. USF & G and Hamp's counterclaimed for damages.

The defendants have filed the present motion to dismiss for lack of subject matter jurisdiction on the grounds that Tri–State's reliance on the Miller Act is improper because the Hamp's–Raytheon bond is not a Miller Act bond. On the other hand, Tri–State argues that the Hamp's–Raytheon bond should be construed as a Miller Act bond. In addition, Tri–State has filed a motion to amend its petition seeking to add Raytheon as a party.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all material allegations of the complaint as true and construe them in the light most favorable to the non-moving party. *Garrett v. Commonwealth Mortgage Corp. of America*, 938 F.2d 591, 593 (5th Cir.1991). Such a motion will succeed only if the complainant can prove no set of facts which would entitle the plaintiff to relief. *Id.* However, conclusory allegations or legal conclusions put forward as factual findings will not defeat a motion to dismiss. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995). This legal standard will be used in the following analysis of the issues.

## III. ANALYSIS:

### A. *Defendants' Motion to Dismiss*

The Miller Act requires that before any contract is awarded "for the construction, alteration, or repair of any public building or public work of the United States to any person, such person shall furnish to the United States" a performance bond and payment bond, "which shall become binding upon the award of the contract to such person." 40

---

1. The defendant asserts that this contract was with the Federal Aviation Administration ("FAA").

2. Neither the FAA nor the United States was listed as additional obligees.

# 347

U.S.C. § 270a(a)(1), (2) (West 1986).[3] The payment bond affords protection to persons who supply labor and material under public contracts, and the Miller Act allows such persons to sue on the bond in federal court. 40 U.S.C. § 270a(a)(2), § 270b (West 1986). The Act further provides that any such action may be brought in federal court irrespective of the amount in controversy. 40 U.S.C. § 270b(b)(West 1986).

Congress passed the Miller Act to protect laborers and materialmen who work on federal projects because these parties are barred from asserting state law liens against federally owned property. *U.S. for Use of Gen. Elec. Supply v. USF & G*, 11 F.3d 577, 580 (6th Cir.1993). In order to effectuate Congress' intent to protect these parties, the Miller Act is to be liberally construed and applied. *Clifford F. MacEvoy Co. v. United States*, 322 U.S. 102, 107, 64 S.Ct. 890, 893–94, 88 L.Ed. 1163 (1944). However, liberal construction of the Miller Act does not defeat its specific requirement that a payment bond be furnished to the United States when the work is a public work.

In this action, the record indicates that the only bond furnished on the Moisant Airport job was furnished by Hamp's and USF & G on behalf of Raytheon. Plaintiff would have this Court conclude that because the Hamp–Raytheon bond was the only bond furnished, it must be construed as a Miller Act bond. However, this argument can not withstand scrutiny.

First, the Miller Act is applicable only where the work in question was contracted for by the United States or by an agency of the United States or a person acting as an agent of the United States. *See, United States v. Mattingly Bridge Co.*, 344 F.Supp. 459, 461 (W.D.Ky.1972) (wording of § 270a strongly indicates that Congress in using the word "contracts" intended to cover only those contracts between the Unites States and the prime contractor). The record at hand is clear that the bond in question

was issued on a contract between Hamp's, as subcontractor, and Raytheon, as prime contractor. It is further undisputed that neither of these parties was acting as an agent of the United States. Thus, the Hamp's–Raytheon bond was not issued on a contract governed by the Miller Act.

Second, the Miller Act specifically requires that the payment bond be furnished to the United States. 40 U.S.C. § 270a(a) (West 1996). The record is clear that the bond at issue was not furnished to the United States, but to Raytheon. Thus, the Hamp's–Raytheon bond can not be a Miller Act bond and the Miller Act can not serve as a basis for this Court to exercise subject matter jurisdiction. In addition, Tri–State has not asserted any other basis for jurisdiction.

B. *Plaintiff's Motion to Amend its Complaint*

Tri–State asks this court for leave to amend its complaint to add Raytheon as a third defendant. However, when a federal court lacks jurisdiction over the original complaint, as is the instant situation, the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction. *Aetna Casualty & Sur. Co. v. Hillman*, 796 F.2d 770, 774–775 (5th Cir.1986). Therefore, the Court finds that the addition of Raytheon as a defendant would be improper.[4]

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT the defendants' motion to dismiss be GRANTED, and that the plaintiff's motion to amend its petition be DENIED. Accordingly, plaintiff's claims are HEREBY DISMISSED without prejudice. With regards to the defendants' counterclaim the Court notes that the counterclaimants have asserted no independent basis for jurisdiction with regard to their counterclaim. Because this Court has no original jurisdiction over the plaintiff's claims, the Court

3. The bond at issue here is a payment bond.

4. The Court notes that if a Miller Act Bond was issued on the Moisant project, then Tri–State may bring a similar action against those companies who are parties to the bond. However, a

potential Miller Act claim is insufficient for this Court to exercise jurisdiction with respect to any claim Tri–State may have under the Hamps–Raytheon bond.

cannot exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Accordingly, IT IS HEREBY ORDERED THAT the defendants' counterclaims are HEREBY DISMISSED without prejudice.