**Mark W. STEARNES, Plaintiff,**

v.

**BAUR'S OPERA HOUSE, INC., a Delaware corporation, d/b/a Baur's Opera House, Defendant.**

**No. 91–3025.**

United States District Court, C.D. Illinois, Springfield Division.

March 31, 1992.

Steven C. Ward, Springfield, Ill., for plaintiff.

Patrick J. Londrigan, Michael Metnick, Springfield, Ill., for defendant.

## OPINION

RICHARD MILLS, District Judge:

The Constitution does not guarantee to each patron of a bar and dance hall the right to hear the music he or she prefers.

Baur's Opera House is a dance bar in Springfield, the capitol city of Illinois, and this lawsuit—brought under the public accommodation provision of § 2000a of the Civil Rights Act of 1964—alleges that Baur's discriminated against Plaintiff because he was black.

Specifically, Plaintiff says that the Baur's manager:

(1) refused to play "rap" music;

(2) changed musical selections from those blacks "enjoy" to those whites "enjoy;" *or*

(3) told a black patron that the music selection was changed "to keep blacks out."

Did any of these acts equate to an intentional pattern which effectively denied blacks from using and enjoying Baur's facilities on the same basis as whites?

The answer must be no. Plaintiff was admitted and did use the public facilities at Baur's.

## I. FACTS

On February 4, 1990, Plaintiff was admitted to Baur's in the company of at least one black woman. At approximately 1:00 a.m., Plaintiff's female companion inquired of the manager why the music had been changed to a "type ... to which no one could dance." According to her deposition, the manager allegedly responded that it had been changed to "keep blacks out." Plaintiff's complaint alleges that after his companion returned and told Plaintiff what the manager had said, they prepared to leave.

As Plaintiff was leaving, one of Baur's bouncers allegedly accused him of walking too slowly and shoved him from behind. The bouncers then held Plaintiff to the floor despite the situation being under control and his requests to be released. The police arrived and arrested Plaintiff, charging him with assault. This charge was later dismissed.

Plaintiff brought this suit in federal court under 42 U.S.C. § 2000a and also various pendent state claims: negligence; false imprisonment; false arrest; and malicious prosecution. Plaintiff's federal claim alleges that due to the events which occurred on February 4, 1990, Baur's intentionally and maliciously engaged in a pattern of practice with the intent to deny

blacks the ability to use and enjoy public accommodations on the same basis as white persons.

## II. SUMMARY JUDGMENT

Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Unquestionably, in determining whether a genuine issue of material facts exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. ANALYSIS

Under § 2000a of the Civil Rights Act of 1964, once it is shown that the place in question is a place of public accommodation[1], the plaintiff must show that he or she was denied " 'the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodation' of that place because of discrimination based on race, ..." *United States v. DeRosier*, 473 F.2d 749 (7th Cir.1973) (quoting 42 U.S.C. § 2000a).

---

1. This Court previously found that Baur's was a place of public accommodation because it is open to the general public as a place of entertainment and serves out-of-state customers.

Defendant contends that Plaintiff cannot establish the above criteria because: 1) Plaintiff was admitted to Baur's; 2) Plaintiff was not present to hear the conversation between his friend and the manager; 3) he was asked to leave solely because it was closing time; 4) Plaintiff never heard Baur's owner or manager state that they did not want blacks on the premises; and 5) Plaintiff has never seen any of Baur's employees refuse entrance to any black individual to its premises.

Plaintiff has answered Defendant's motion with affidavits and excerpts of depositions of current and former employees of Baur's who testified that the manager would refer to the area on the dance floor where the black patrons would dance as "Zimbabwe West" and would tell the disc jockeys that it was "too dark in here" when there were too many blacks in the bar. Apparently, this was the manager's signal to the disc jockeys that they should begin playing "hard rock and roll" music in order to induce black patrons to leave.

### A.

■ On one occasion, the manager allegedly went as far as to pull a record which several blacks were dancing to and replace it with a "hard rock" song. One disc jockey employed by Baur's during the incident in question stated that the manager told him that this policy came from Baur's owner. Plaintiff also offers Defendant's policy regarding the prohibition of playing "rap" music unless previously approved as evidence of an attempt to keep blacks away. Another disc jockey contends that he resigned because of Baur's perceived discriminatory music policy.

A bar's music selection cannot be grounds to find that it engages in discriminatory conduct. *See Contemporary Music Group, Inc. v. Chicago Park District*, 343 F.Supp. 505 (N.D.Ill.1972) (park district's refusal to allow rock concerts in the park does not in itself show invidious discrimination within the purview of the Fourteenth Amendment); *Plummer v. Bolger*, 559 F.Supp. 324 (D.C.Columbia 1983) (defendant did not engage in discriminatory pattern of conduct by refusing to allow white plaintiff to change radio station from a channel that played black-oriented music).

### B.

The Civil Rights Act of 1964 does not require places of public accommodation to cater the musical tastes of all of its patrons. If music selection was a basis for a discrimination suits, a fundamentalist christian could sue a club which played music containing offensive lyrics for religious discrimination; or women could sue employers whose musical selections contained perceived sexist lyrics for sex discrimination. This Court does not believe that Congress intended such a result when it passed the Civil Rights Act of 1964. Rather, all that the Act requires is that all patrons be admitted and served without discrimination.

In this case, Defendant did not engage in the practice of barring certain patrons from the dance floor. Instead, the bar's patrons *chose* not to dance when specific types of music were played. Also, when Defendant changed its musical selections, that change affected all patrons' decisions concerning whether to remain on the dance floor, not just black customers.

Furthermore, assuming as true that Defendant's manager or bouncer made racial remarks, while that may demonstrate their gross insensitivity, that fact in and of itself does not establish a claim under the Civil Rights Act. Plaintiff has not provided any evidence that the manager refused Plaintiff *admittance* to the bar or *service* while he was there.

### C.

Finally, Plaintiff offers a deposition of one of Baur's disc jockeys who states that Baur's dress code was strictly enforced against blacks while not enforced against whites as evidence of Defendant's violation of the Civil Rights Act. Again, assuming this information is true, Plaintiff does not have standing to bring a suit under the Civil Rights Act on behalf of unidentified black patrons who were not admitted to Baur's because of noncompliance with the

dress code when unidentified whites wearing similar attire were admitted.

■ Ordinarily, the threshold question in every case in federal court is whether the "case or controversy" requirement of Article III has been satisfied. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The concept of standing is an integral part of this requirement. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Although it is true that in civil rights cases the plaintiff need not have been the direct victim of discrimination, the plaintiff must show that he has suffered injury as the result of defendant's conduct. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982).

■ In this case, Plaintiff has not alleged that he was injured because he failed to attempt entering Baur's due to a perceived discrimination against blacks on the basis of attire. In fact, Plaintiff was admitted to Baur's and has never been denied admittance at Baur's on any occasion of which the Court is aware. Thus, Plaintiff has not demonstrated any injury to his statutory right to be admitted to Defendant's establishment on the same basis as whites which would give him standing to bring such a claim.

### IV. CONCLUSION

Accordingly, this Court will allow Defendant's motion for summary judgment as to Count I. Because this Court does not have jurisdiction over the remaining claims since they are based on state law and the parties are not diverse, this case will be dismissed with prejudice from federal court.

*Ergo*, Defendant's motion for summary judgment on Count I (d/e 67) is ALLOWED. This case is DISMISSED WITH PREJUDICE FROM FEDERAL COURT.

CASE CLOSED.