Hector **BERMUDEZ ZENON**, Jaime **Tosado Martinez**, and Pedro **Mantilla**, Plaintiff,

v.

**RESTAURANT COMPOSTELA, INC., Maximino Del Rey, Manuel Del Rey, John Doe, and Richard Doe, Defendants.**

Civ. No. 91–1406(JP).

United States District Court, D. Puerto Rico.

April 24, 1992.

Bermúdez Zenón, pro se.

Tosado Martínez, pro se.

Mantilla, pro se.

Pedro A. Jiménez, San Juan, P.R., for defendants.

## OPINION & ORDER

PIERAS, District Judge.

The Court has before it defendants' Amended Motion to Dismiss dated January 16, 1992. For the reasons stated below, the motion is DENIED in part and GRANTED in part.

### I. Background

In reviewing the facts of this dispute for purposes of defendants' motion, the court accepts as true the well-pleaded factual averments contained in plaintiffs' complaint, while at the same time drawing all reasonable inferences therefrom in

plaintiffs' favor. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 2577, 49 L.Ed.2d 493 (1976); *Correa–Martínez v. Arrillaga–Beléndez*, 903 F.2d 49, 51 (1st Cir.1990); *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). Plaintiffs Héctor Bermúdez Zenón, Jaime Tosado Martínez and Pedro Mantilla are three native Puerto Rican citizens who, on March 30, 1990, visited Restaurant Compostela, a private eatery owned and operated by co-defendants Maximino Del Rey and Manuel Del Rey. Upon arrival at the restaurant, plaintiffs, two of whom are Black and one of whom is White, waited for three hours to be seated and served while other White patrons who arrived after them were promptly provided with seats and service.[1] Plaintiffs were told by restaurant personnel that they could not be given a table without a reservation, but upon exiting the premises and calling the restaurant from a public phone they were told that reservations were not required. Plaintiffs contend that their semi-formal attire was similar to that of other patrons and that they were denied service solely because they were a group with two Black members.

Plaintiffs, acting pro se, filed this action seeking compensatory and punitive damages for alleged violations of their constitutional and civil rights. Defendants describe plaintiffs' amended pleadings—which charge violations of the Interstate Commerce clause, the fifth, seventh, and fourteenth amendments of the United States Constitution, Sections 1981, 1982, 1983, and 1985 of Title 42 of the United States Code, Title VII of the Civil Rights Act of 1964, the Law of Federal Relations, Article 1802, and the Constitution of the Commonwealth of Puerto Rico, based on alleged discrimination predicated on their color, race, sex, national origin, and economic or social condition—as "a blind ef-fort to fish a colorable claim with a giant net." While the defendants' description of plaintiff's overbroad pleadings is not unfair, the Court finds that plaintiffs have nonetheless ensnared several fish.

## II. Discussion

Most of plaintiffs' alleged causes of action are inappropriate under the facts alleged and must be dismissed. As the applicable standards are unambiguous, the Court will not discuss these matters in great detail.

 Plaintiffs claims predicated on federal law[2] include their allegation of a cause of action under the seventh amendment, which guarantees the right to a trial by jury, and under the Interstate Commerce clause, which protects free trade among the States. The Court can perceive no possible claim for recovery by the plaintiffs under these constitutional provisions. Plaintiffs' assertion of a cause of action under Title VII is also misplaced since this statute deals with discrimination in employment, which is not at issue in this case. *Accord Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Villanueva v. Wellesley College*, 930 F.2d 124 (1st Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991). Finally, plaintiffs have not set forth valid claims against these defendants based on the fifth and fourteenth amendments and 42 U.S.C. Sections 1982, 1983, and 1985 because, among other things, causes of action under these laws require a showing of state action or of acts committed under color of law, which are not present in this case. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974) (mere fact that a business is subject to state regulation does not by itself convert its actions into that of the State for pur-

---

**1.** As a point of clarification, the Court takes judicial notice of the distinction between the plaintiffs' cultural ethnicity—Puerto Rican—and their race. In this Opinion, the term "Black" shall be used to describe Puerto Ricans who closely identify with their African ancestry. *See* J. Sued Badillo & A. López Cantos, *Puerto Rican Negro* (1986).

**2.** The Court elects not to address at this time defendants' motion to dismiss plaintiffs' pendent claims since the issue has not been adequately addressed by the parties in their memoranda of law.

**44**

poses of the fourteenth amendment). Defendants' motion to dismiss each of these claims is therefore GRANTED.

■ Defendants' have argued that plaintiffs' claims under 42 U.S.C. § 1981 should also be dismissed because this statute also protects only against discrimination carried out under color of law. This is not an easy matter to resolve, particularly after certain developments in this district regarding the breadth of coverage of Section 1981. First, it should be noted that defendants' assertion that Section 1981 always applies only to actions carried out under color of law is flatly incorrect. It is well-established that private discrimination is actionable under the most prominent clause of Section 1981, the contracts clause, which prohibits discrimination in the creation and enforcement of contracts. *Accord Tillman v. Wheaton–Haven Recreation Association,* 410 U.S. 431, 439–40, 93 S.Ct. 1090, 1095, 35 L.Ed.2d 403 (1973); *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). Plaintiffs' cause of action under Section 1981 obviously is not predicated on the contracts clause, however. If plaintiffs have any cause of action under Section 1981, it is under the "equal benefits" clause, which guarantees all persons "the same right in every State and Territory ... to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens...." 42 U.S.C. § 1981.

■ The extent of the protections, if any, of the equal benefits clause is unclear since "Supreme Court cases have construed only the first of section 1981's enumerated rights—the right to make contracts." *Ma-*

*hone v. Waddle,* 564 F.2d 1018, 1029 (3d Cir.1977), *cert. denied, Pittsburg v. Mahone,* 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978).[3] In a recent decision in *Castro Franceschi v. Hyatt Corporation,* 782 F.Supp. 712 (D.Puerto Rico 1992), however, Judge Pérez–Giménez, in denying defendants' motion to dismiss and/or for summary judgment, stated that the court was "reluctant to rule out the existence of a cause of action pursuant to the equal benefits clause of § 1981 where a person is denied access to 'private public accommodations' as such statutory phrase is defined by 42 U.S.C. § 2000(a)(1), (3)." *Id.* at 718. The Opinion went on to predict that "given the opportunity, the Supreme Court would likely find that the equal benefits clause of § 1981 does not have a state action requirement...." *Id.* at 718. This Court feels that Judge Pérez–Giménez's opinion in *Castro Franceschi* is both well-reasoned and persuasive. This Court is therefore similarly reluctant to rule out the possibility of recovery for these plaintiffs under Section 1981. As a result, defendants' motion to dismiss plaintiffs' 1981 cause of action is hereby DENIED.

■ The Court also feels that, after examining plaintiffs' complaint, its allegations may provide for relief under an alternative theory.[4] Plaintiffs may have a cause of action under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion,

3. Section 1981 has been recognized as potentially protecting four distinct interests: (i) contractual rights, (ii) access to judicial process, (iii) full and equal benefit of all laws and proceedings, and (iv) subjection to punishment. *See* 2 J. Cook & J. Sobieski, *Civil Rights Actions* 5–24 ¶ 5.03 (Bender 1991).

4. Where a plaintiff acts pro se, a complaint should not be dismissed merely because the allegations do not support the legal theory on which he intends to proceed. The court is under a duty to examine the complaint to determine if the allegations provide for relief under

any possible theory. 5A C. Wright & A. Miller, *Federal Practice and Procedure* Civil 2d § 1357, p. 337 (West 1990); *see also Lyons v. Powell,* 838 F.2d 28, 31 (1st Cir.1988) (a court should dismiss a pro se complaint for failure to state a claim only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") The court's duty in this respect is particularly acute in civil rights cases. *Accord Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621 (9th Cir.1988) (citing *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc)).

or national origin." Included in the list of places of public accommodation are restaurants whose "operations affect commerce." 42 U.S.C. § 2000a(b)(1) and (b)(2). An establishment's operations affect commerce if "it serves or offers to serve interstate travellers or a substantial portion of the food which it serves has moved in commerce." 42 U.S.C. § 2000a(c). Defendants contend that their restaurant is not located in an airport or on an interstate highway and that it serves food purchased or produced locally only to local clientele. Plaintiffs respond, however, that the restaurant is located in one of Puerto Rico's primary tourist areas, near several large hotels, and that its food, although perhaps purchased locally, may very likely be grown or manufactured outside of Puerto Rico. Plaintiffs must be given an opportunity to prove these allegations through investigation and discovery.

■ Under these circumstances, plaintiffs "must be given leave to amend [their] complaint." *Karim–Panahi, supra* (citations omitted). In addition, the gravity of the factual allegations presented by plaintiffs extends the Court's obligation to allow the filing of further amended pleadings. *See* A. Díaz Quiñones, *El Prejuicio Racial en Puerto Rico* (1985) (discussing long-standing problem in Puerto Rico of intraracial prejudice against persons with obvious signs of African ancestry); *see also* Carter, *When Victims Happen to Be Black*, 97 Yale L.J. 420 (1988) ("racialist decisionmaking" as conducted by many members of society is detrimental to goal of racial harmony and harmful to society's marginalized/disfavored group members); *Partida v. Castañeda*, 524 F.2d 481 (5th Cir.1975), *aff'd*, 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977) (recognizing that intraracial prejudice amongst ethnic group members is as insidious as interracial prejudice). The Court therefore GRANTS plaintiffs leave to file, within fifteen (15) days of the issuance of this Opinion and

Order, a Second Amended Complaint incorporating a cause of action under Title II (and eliminating those causes of action herein dismissed). The Court notes for the benefit of the plaintiffs, however, that even if they prove a violation of Title II, they will not be entitled to any recovery of damages. *Accord Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (per curiam). They will be entitled to obtain only injunctive relief and reasonable attorneys fees. *Id.* [5]

IT IS SO ORDERED.

---

5. The Court wishes to suggest to the plaintiffs that they obtain legal representation. The issues that will be considered in this case are difficult and require expertise not only in law in general but in civil rights law in particular. The papers filed by the plaintiffs while acting pro se have been relatively clear but woefully substandard in terms of legal reasoning and argumentation.