Earl ROBERTSON,

v.

BURGER KING, INC. et al.

Civ. A. No. 93–2828.

United States District Court,
E.D. Louisiana.

April 5, 1994.

Earl Robertson, pro se.

Carolyn B. Witherspoon, McGlinchey, Stafford & Lang, Little Rock, AR, for defendant.

James Rodney Holland, II, McGlinchey, Stafford & Lang, New Orleans, LA, Carolyn B. Witherspoon, McGlinchey, Stafford & Lang, Little Rock, AR, for Robert Claiborne, Debora Collins, Vic Hogan, Jeannette Robertson.

James Rodney Holland, II, McGlinchey, Stafford & Lang, James D. Morgan, Stephen J. Roppolo, Fisher & Phillips, New Orleans, LA, for Burger King Corp.

### *ORDER AND REASONS*

LIVAUDAIS, District Judge.

This matter came on for hearing on the motion of defendants, Burger King, Inc., Jeannette Robertson, Robert Claiborne, Debra Collins, and Vic Hogan, to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Pro se plaintiff, Earl Robertson, has not filed an opposition to said motion.

## I. Facts

The following summary of facts is based on the allegations contained in the plaintiff's pleadings.

Shortly after 7:00 a.m., on August 29, 1993, Earl Robertson ("Robertson") entered the Burger King Restaurant number 1394 located at 623 Canal Street, New Orleans, Louisiana, and ordered two sausage biscuits, a cup of coffee, and a cup of water. Although Mr. Robertson was the first customer in line, the Burger King employee attending to him, Jeannette Robertson, stopped waiting on Mr. Robertson in order to wait on several white men who had been behind Mr. Robertson in line.

Jeannette Robertson continued to wait on the men who came after Mr. Robertson until Mr. Robertson complained about the delay in his order in light of the fact that he ordered first. On overhearing Mr. Robertson's complaint, Robert Claiborne, assistant manager of the restaurant, left his office and prepared Mr. Robertson's order.

When Mr. Robertson advised Jeannette Robertson that he "would consult higher authorities about th[e] matter," she responded that she "wouldn't give a damn what [Mr. Robertson did]...." Mr. Robertson then alleges that "every one [sic] burst out laughting [sic] at me the white men plus Jennette Lewis [sic] and Robert Claiborne." Mr. Robertson ultimately received, and paid for, the items he ordered.[1]

Mr. Robertson claims that he was discriminated against by Burger King because of his race (black). He contends that because he was first in line, he should have been served first and those behind him in line made to wait their turn. Such discrimination, Mr. Robertson argues, violates the 1964–65 and 1968 Civil Rights Acts, and 42 U.S.C. § 1983. In addition, in a pleading styled "Plaintiff's Opposition to Defendant's Answer to Complaint," Mr. Robertson alleges that defendants also violated Mr. Robertson's rights under Louisiana State Constitution Article 1, section 12, as well as La.R.S. 49:145 and

49:146. Mr. Robertson is seeking punitive damages in the amount of $250,000 as to each defendant, as well as compensatory damages totalling $300,000.

## II. Analysis

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all material allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. *Garrett v. Commonwealth Mortgage Corp. of America,* 938 F.2d 591, 593 (5th Cir.1991). Such a motion will succeed only if the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Furthermore, a pro se complaint should not be dismissed merely because the plaintiff fails to articulate the correct legal theory. Rather, it is the duty of the Court to examine the complaint to determine if the allegations therein support a claim for relief under any possible legal theory. 5A Wright & Miller, *Federal Practice & Procedure* Civil 2d § 1357 (West 1990); *see also Bermudez Zenon v. Restaurant Compostella, Inc.,* 790 F.Supp. 41, 44 n. 4 (D.P.R.1992).

### A. The § 1983 Claim

In order to state a cognizable claim under § 1983, a plaintiff must allege the "violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988). "[A]cting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrong-doer is clothed with the authority of state law.'" *Id.* at 49, 108 S.Ct. at 2255 (citations omitted). *Accord Hagerty v. Succession of Clement,* 749 F.2d 217, 220 (5th Cir.1984), *cert. denied, sub nom. Hagerty v. Keller,* 474 U.S. 968, 106 S.Ct. 333, 88 L.Ed.2d 317 (1985).

---

1. Mr. Robertson also ordered hash brown potatoes in addition to the sausage biscuits and coffee.

Plaintiff has not shown, nor can the Court ascertain, any basis for finding that the defendants were acting under color of state law. Furthermore, plaintiff has not shown that the actions of Burger King or its employees are such that such actions can be appropriately attributed to the State. *See Auster Oil & Gas v. Stream*, 764 F.2d 381, 387 (5th Cir.1985) ("[n]ominally private conduct constitutes 'state action' if the connection between the state and the acts justifies treating the private actor as an agent of the state or otherwise warrants attributing her behavior to the state") (footnote omitted).[2] Accordingly, plaintiff's § 1983 action must be dismissed.

### B. Claims Under 1964, 1965 and 1968 Civil Rights Acts

Plaintiff also claims that Burger King's discrimination violated his rights protected by the 1964, 1965 and 1968 Civil Rights Acts. However, plaintiff does not refer the Court to the location in the United States Code of the 1965 Civil Rights Act, and the Court's research did not unearth the existence of such an act. Furthermore, the 1968 Civil Rights Act deals primarily with fair housing, and appears inapplicable to the instant case. The Court, therefore, considers plaintiff's allegations in light of 42 U.S.C. §§ 1981 and 2000a, which the Court believes are applicable to plaintiff's claims.

 Under Title 42, United States Code section 1981,

All persons within the jurisdiction of .the United States shall have the same right in every State and Territory ... to the full and equal benefit of all laws and proceedings for the security of persons and prop-
.erty as is enjoyed by white citizens....

Title 42, United States Code section 2000a provides in pertinent part:

(a) All persons shall be entitled to the full and equal enjoyment of the goods, servic-

es, facilities, privileges, advantages and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

(b) Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, ...

\* \* \* \* \* \*

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises....

(c) The operations of an establishment affect commerce within the meaning of this subchapter if ... (2) in the case of an establishment described in paragraph (2) of subsection (b) of this section, it serves or offers to serve interstate travelers or a substantial portion of the food which it serves ... has moved in commerce.

There is no question that Burger King is a place of public accommodation as defined above, and therefore prohibited from discriminating on the basis of race, color, religion, or national origin. The issue then becomes whether, viewed in the light most favorable to Mr. Robertson, the complaint sets forth any set of facts which would entitle him to relief under § 1981 or § 2000a.

Plaintiff's chief complaints are that he had to wait to be served, and that several white patrons were served before him. While plaintiff admits he was eventually served, he nevertheless claims the delay was as a result of racial discrimination.[3] Although the Court discovered no case on all fours with the plaintiff's, several cases located suggest that taking plaintiff's allegations as true, he fails

---

**2.** The Court notes that even if Burger King were considered a sovereign monarchy, there is simply no indication that it, nor any of the employees in its kingdom, were acting under color of state law, or in any manner which would warrant attributing its behavior to the State.

**3.** The Court does not consider the plaintiff's claim that he was discriminated against based on his manner of dress or general appearance because such claims are not cognizable under the law. The Court also notes that defendants, Jeannette Robertson, Robert Claiborne, and Debra Collins, are also black.

to state a cause of action for violation of his civil rights.

In *Stearnes v. Baur's Opera House, Inc.*, 788 F.Supp. 375, 377–78 (C.D.Ill.1992), the plaintiff claimed that a night club's practice of playing music not enjoyed by black patrons, and the manager's statement that the practice was used to "keep blacks out," was a violation of § 2000a of the Civil Rights Act of 1964. However, the court stated that even though the statements of the manager may have demonstrated his gross insensitivity, no action would lie under the 1964 Civil Rights Act because plaintiff had not been refused *"admittance* to the bar or *service* while he was there." *Id.* at 378 (emphasis in original). *See also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 n. 5, 90 S.Ct. 1598, 1604 n. 5, 26 L.Ed.2d 142 (1970) (refusal by restaurant to serve white patron because accompanied by blacks violates public accommodations law); *Bermudez Zenon*, 790 F.Supp. at 44 (denial of access to restaurant on basis of race actionable under § 1981); *Franceshi v. Hyatt Corp.*, 782 F.Supp. 712, 718 (D.P.R.1992) (denial of access to hotel on basis of race cognizable under § 1981); *Westray v. Porthole, Inc.*, 586 F.Supp. 834 (D.Md.1984) (implicitly recognizing a right of action under § 1981 as to black plaintiffs who were denied access to a bar).

In the instant case, plaintiff was not denied admittance or service—his service was merely slow. While inconvenient, frustrating, and all too common, the mere fact of slow service in a fast-food restaurant does not, in the eyes of this Court, rise to the level of violating one's civil rights. While it is unfortunate that plaintiff had to wait for his food, and may have in fact been served after others who had not ordered sausage biscuits,[4] he has nevertheless failed to state a cognizable claim for violation of his civil rights.

## C. The State Law Claims

In his "Opposition to Defendant's Answer to Complaint," Mr. Robertson alleges that defendants also violated his rights under Louisiana State Constitution Article 1, section 12, as well as La.R.S. 49:145 and 49:146.[5] For purposes of the instant motion, the Court treats plaintiff's claims in the above-styled pleading as having been properly made.

Article 1, section 12 of the Louisiana State Constitution provides:

> In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical condition.

Revised Statute 49:146 provides in pertinent part:

> A. (1) In access to public areas, public accommodations, and public facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical or mental disability.
>
> (2) For purposes of this Section, a public facility is defined as any publicly or privately owned property to which the general public has access as invitees and shall include such facilities open to the public as hotels, motels, restaurants, cafes, ....

The key term in both the constitutional and statutory provisions is the word "access."

As the term is generally understood, "access" means the " 'ability to enter, ... [to] pass to and from, ... to obtain or make use of.' " *Becnel v. City Stores Co.*, 675 F.2d 731, 734 (5th Cir.1982) (citation omitted). By Mr. Robertson's own admissions, he was not denied access to the restaurant. He entered the restaurant, ordered and, albeit after some delay, was served. As a consequence, plaintiff has failed to state a cause of action for violation of state constitutional or statutory law.

---

**4.** Plaintiff has not claimed that others who came after him and ordered similar items were served their food first.

**5.** La.R.S. 49:145 is inapplicable to plaintiff's complaint as it concerns access to buildings owned by the State or political subdivisions thereof and is therefore not considered by the Court.

82

Accordingly, upon finding that the plaintiff has failed to state a cause of action under either federal or state civil rights laws,

**IT IS ORDERED** that the motion of defendants, Burger King, Inc., Jeannette Robertson, Robert Claiborne, Debra Collins, and Vic Hogan, to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) (Rec.Doc. 16), be and hereby is **GRANTED**.

### *JUDGMENT*

Considering the pleadings, the record, the applicable law, and for the reasons assigned in the Order and Reasons dated this date,

**IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment herein in favor of defendants, Burger King, Inc., Jeannette Robertson, Robert Claiborne, Debra Collins, and Vic Hogan, and against plaintiff, Earl Robertson, **DISMISSING PLAINTIFF'S COMPLAINT.**

New Orleans, Louisiana, April 5, 1994.