**Earl ROBERTSON**

v.

**BURGER KING, INC., et al.**

**Civ. A. No. 93–2828.**

United States District Court,
E.D. Louisiana.

May 17, 1994.

Earl Robertson, pro se.

Carolyn B. Witherspoon, McGlinchey, Stafford & Lang, Little Rock, AR, for Burger King, Inc.

James Rodney Holland, II, McGlinchey, Stafford & Lang, New Orleans, LA, Carolyn B. Witherspoon, McGlinchey, Stafford & Lang, Little Rock, AR, for Robert Claiborne, Debora Collins, Vic Hogan and Jeannette Robertson.

James Rodney Holland, II, McGlinchey, Stafford & Lang, Little Rock, AR, James D. Morgan, Stephen J. Roppolo, Fisher & Phil-

lips, New Orleans, LA, for Burger King Corp.

## *ORDER*

LIVAUDAIS, District Judge.

On April 5, 1994, this Court dismissed Mr. Earl Robertson's complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. 848 F.Supp. 78. Plaintiff filed a Notice of Appeal May 5, 1994. On May 16, 1994, plaintiff filed a "Motion for Remmitance [sic] of Complaint" pursuant to Fed.R.Civ.P. 59(e). The Court treats plaintiff's motion as one for a new trial, or for reconsideration, or alternatively, as a motion for leave to file an amended complaint. Regardless of the timeliness issue affecting plaintiff's motion,[1] it is without merit for other reasons.

> Plaintiff's motion states in pertinent part:
> 2. The Court dismissed plaintiffs [sic] Complaint on April 5, 1994 pursuant to Rule 12(b)(6), alleging plaintiff [sic] Complaint failed to state a claim upon which relief can be granted.
> 3. The Court further alleges that it was unable to unearth the existence of the 1964 and 1968 Civil Rights Acts prohibiting discrimination in public places of accommodations [sic].
> 4. For this particular reason, plaintiff now submits this claim pursuant to the Federal Civil Rights Acts on 1964–1968, . . . .

Plaintiff misreads the Court's April 5, 1994 Order and Reasons.

Plaintiff's original complaint alleged, among other things, violations of the "1964–65 and 1968 Civil Rights Acts." In analyzing Mr. Robertson's claims, the Court stated that

> plaintiff does not refer the Court to the location in the United States Code of the 1965 Civil Rights Act, and the Court's research did not unearth the existence of such an act. Furthermore, the 1968 Civil Rights Act deals primarily with fair hous-

---

1. A motion for new trial is to be served not later than ten days after entry of judgment. Fed. R.Civ.P. 59. An amended complaint can only be filed with leave of court if filed after a responsive pleading is served. Fed.R.Civ.P. 15(a). Here, plaintiff is seeking to file an amended complaint after judgment has been entered.

ing, and appears inapplicable to the instant case.

The Court then went on to analyze plaintiff's claims under 42 U.S.C. §§ 1981 and 2000a. Nowhere in its Order and Reasons did the Court state that it was "unable to unearth the existence of the 1964 and 1968 Civil Rights Acts." In fact, the Court *did* analyze the plaintiff's complaint under the 1964 Civil Rights Act, as amended, and determined that he failed to state a claim. Furthermore, the Court concluded that the 1968 Civil Rights Act, primarily concerning fair housing, was inapplicable. It was only the "1965" Act that the Court was unable to locate. Indeed, plaintiff's most recent filing still fails to shed any light on where such a statute is located.

In what the Court considers as plaintiff's amended complaint, he bases his claims on the "Civil Rights Acts of 1964 and 1968, 42 U.S.C.A. § 2000a et seq., 25 U.S.C.A. § 1301 et seq.,"[2] 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Louisiana State Constitution art. 1, section 12. The Court has previously considered and rejected all of plaintiff's claims based on the aforementioned statutes and laws and sees nothing new in plaintiff's amended complaint.

Accordingly,

**IT IS ORDERED** that the motion of plaintiff Earl Robertson for "Remmitance of Complaint" be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that the motion of plaintiff Earl Robertson for "Deferrment [sic] or Stay in Plaintiffs [sic] Notice of Appeal" be and hereby is **DENIED.** This action in no way affects plaintiff's pending appeal.

---

**2.** The Court notes that the 1968 Civil Rights Act does not appear at 25 U.S.C. § 1301 *et seq.* Rather, the 1968 Act can be found at 42 U.S.C. § 3601 *et seq.* Title 25 is now reserved for statutes applicable to Native American Indians.