ORDER GRANTING IN PART DEFENDANT’S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE FOR LACK OF JURISDICTION
 

 RHOADES, District Judge.
 

 I. Introduction
 

 Defendants have filed a motion for summary judgment on all causes of action alleged by Plaintiff in the complaint. For the reasons set forth herein, the Court grants the motion for summary judgment with respect to Plaintiffs federal causes of action and declines to exercise supplemental jurisdiction over Plaintiffs state-law causes of action. The Court therefore dismisses the case in its entirety.
 

 II. Background
 
 [1]
 

 Plaintiff Delmus Jeffery (“Jeffery”) claims that Defendants intentionally discriminated against him by requesting to search his belongings based solely on his race. On June 4, 1999, Jeffery visited a Home Depot store in San Diego, California, to purchase a deadbolt. Jeffery carried with Mm a red canvas bag. After locating the deadbolt, he walked to a cashier line at the front of the store to purchase the item. When he reached the front of the cashier line, Jeffery placed the red canvas bag on the counter.
 

 Defendant Vickie Taylor (“Taylor”), a back-up cashier, was operating the cash register in Jeffery’s check-out line. When Jeffery placed the red canvas bag on the counter, Taylor asked Jeffery if she could look inside the bag. The parties disagree why Taylor asked to search Jeffery’s bag. Jeffery, who is black, claims that the request was motivated by racial discrimination. According to Defendants, Taylor incorrectly believed that Home Depot company policy required her to search the bag for stolen merchandise.
 

 Jeffery refused to allow Taylor to look inside the bag, and Taylor called on the head cashier, Defendant Roger Reynolds (“Reynolds”), who came to speak with Jeffery. While the parties dispute the substance of the conversation between Reynolds and Jeffery, there arc no material facts to dispute the following: at no point did Reynolds detain Plaintiff, deny him service, or ask him to leave the store. The conversation between Reynolds and Jeffery led Reynolds and Taylor to call assistant store manager Lagina Glass to the scene.
 

 After talking to Glass, Jeffery purchased the deadbolt and left the store. No Home Depot employee ever looked inside Jeffery’s red canvas bag. Later, Jeffery had a telephone conversation about the incident with the store manager, Sivo Aisa-bonghi. Aisabonghi apologized to Jeffery for Taylor’s conduct and, at Jeffery’s request, sent a letter of apology.
 

 III. Discussion
 

 Based on the incident described above, Jeffery asserts the following eight causes of action against Defendants: (1) violation of 42 U.S.C. § 1981, (2) violation of 42 U.S.C. § 1982, (3) violation of 42 U.S.C. § 2000a, (4) violation of the California Un-ruh Civil Rights Act, Cal. Civil Code § 51
 
 et aeq.,
 
 (5) unfair business practices under the Cal. Business & Professions Code § 17204, (6) negligence, (7) intentional infliction of emotional distress, and (8) negligent infliction of emotional distress. With the exception of the claim for unfair business practices, which names only Home Depot as Defendant, Jeffery asserts each cause of action against each Defendant.
 

 This order grants summary judgment on Jeffery’s federal causes of action, the claims for violations of 42 U.S.C. §§ 1981, 1982, & 2000a. Thereafter, the Court declines, pursuant to 28 U.S.C. § 1367, to
 
 *1068
 
 exercise supplemental jurisdiction over Jeffery’s remaining state-law causes of action. As a result, the Court dismisses the case in its entirety.
 
 [2]
 

 A. The Standard for Summary Judgment.
 

 Under Federal Rule of Civil Procedure 56(c), the Court must grant summary judgment if the “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the Court examines all the evidence in the light most favorable to the nonmoving party.
 
 See United States v. Diebold, Inc.,
 
 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).
 

 When a party moves for summary judgment on an issue for which the
 
 non
 
 movant bears the burden of proof at trial
 
 {e.g.,
 
 where the defendant moves for summary judgment on the plaintiffs claims), “the burden on the moving party may be discharged by ... pointing out to the district court ... that there is an absence of evidence to support the nonmoving party’s case.”
 
 See Celotex Corp. v. Catrett,
 
 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);
 
 see also United Steelworkers v. Phelps Dodge Corp.,
 
 865 F.2d 1539, 1542 (9th Cir.1989). To justify summary judgment on this ground, the movant must
 
 “demonstrate
 
 the absence of such evidence.”
 
 See Samuels v. PCM Liquidating, Inc.,
 
 898 F.Supp. 711, 713-14 (C.D.Cal.1995) (emphasis added). The 'movant sufficiently demonstrates the absence of evidence by “bring[ing] up the fact that the record does not contain [a disputed factual issue] and ... identifying] that part of the record which bears out [the movant’s] assertion.”
 
 City of Mt. Pleasant v. Associated Elec. Coop., Inc.,
 
 838 F.2d 268, 273 (8th Cir.1988);
 
 see also Celotex,
 
 477 U.S. at 323, 106 S.Ct. 2548 (holding that a party seeking summary judgment “always bears the initial responsibility of ... identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact”).
 

 Once the moving party satisfies its initial burden, the burden shifts to the nonmovant to “set forth specific facts showing that there is a genuine issue for trial.”
 
 See Anderson v. Liberty Lobby, Inc., 477
 
 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). “If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.”
 
 Id.
 
 at 249-50, 106 S.Ct. 2505. Moreover, the nonmovant may not “rest on mere allegations or denials of [the] pleadings.”
 
 Id.
 
 at 259, 106 S.Ct. 2505. Rather, the nonmovant must go beyond the pleadings to designate specific facts showing that a genuine issue remains for trial.
 
 See Celotex, 477
 
 U.S. at 325, 106 S.Ct. 2548. If the nonmovant fails to meet this burden, the movant deserves judgment as a matter of law.
 
 See id.
 

 B. The Court Grants Summary Judgment with Respect to Jeffery’s Federal Causes of Action.
 

 The Court grants summary judgment on Jeffery’s claims under 42 U.S.C. §§ 1981, 1982, & 2000a because Defendants did not deny Jeffery any of the rights or privileges that those statutes secure for all people, regardless of race.
 

 (i) Violation of 42 U.S.C. § 1981
 

 Section 1981 prohibits racial discrimination in contractual relationships. As amended by the Civil Rights Act of 1991, the statute reads, in pertinent part:
 

 (a) All persons within the jurisdiction of the United States shall have the same
 
 *1069
 
 right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens....
 

 (b) For purposes of this section, the term “make and enforce contracts” includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
 

 To establish a violation of § 1981, a plaintiff must show that (1) they are a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities identified by the statute
 
 (i.e.,
 
 in this case, the making and enforcing of a contract).
 
 See Morris v. Office Max, Inc.,
 
 89 F.3d 411, 413 (7th Cir.1996) (citing
 
 Green v. State Bar of Texas,
 
 27 F.3d 1083, 1086 (5th Cir.1994));
 
 Harrison v. Denny’s Restaurant, Inc.,
 
 1997 WL 227963, at *1 (N.D.Cal. Apr. 24,1997).
 

 Addressing the third element, for the discrimination to be actionable under § 1981, it must result in the
 
 “actual loss
 
 of a contract interest.”
 
 See Morris,
 
 89 F.3d at 414-15 (citing
 
 Phelps v. Wichita Eagle-Beacon,
 
 886 F.2d 1262 (10th Cir.1989)) (emphasis added). In other words, “where a plaintiff is not deprived of the right to make and enforce a contract, there is no violation of 42 U.S.C. section 1981.”
 
 Harrison,
 
 1997 WL 227963, at *3 (granting summary judgment in favor of the defendant restaurant because the plaintiff was eventually served his food, albeit slower than non-minority customers);
 
 see also Morris,
 
 89 F.3d at 413 (upholding summary judgment for the defendant store because the plaintiffs “were denied neither admittance nor service, nor were they asked to leave”);
 
 Robertson v. Burger King, Inc.,
 
 848 F.Supp. 78, 81 (E.D.La. 1994) (granting summary judgment in favor of the defendant because, although the plaintiff received slow service, he was not denied admittance or service);
 
 Cf. Hampton v. Dillard Dep’t Stores, Inc.,
 
 18 F.Supp.2d 1256, 1262 (D.Kan.1998) (upholding a jury award for violation of § 1981 because a reasonable jury could conclude that a security guard’s search of the plaintiffs bag interfered with the plaintiffs redemption of a coupon, which constituted the benefit of a contract for the purchase of merchandise).
 

 In this case, Jeffery’s § 1981 claim fails because the undisputed facts show that he suffered no actual loss of a contract interest.
 
 [3]
 
 While Jeffery’s purchase of the deadbolt was delayed by the search request, no search ever took place. Jeffery eventually purchased the deadbolt and left the store unhindered. He was not denied service or detained.
 

 Jeffery argues that the request to search interfered with a contract interest because it delayed his contract to purchase the deadbolt. Courts have held, however, that claims of delayed service do not rise to the level of interference with a contract sufficient to grant relief under § 1981.
 
 See Harrison,
 
 1997 WL 227963, at *4;
 
 Robertson,
 
 848 F.Supp. at 81;
 
 Bobbitt v. Rage Inc.,
 
 19 F.Supp.2d 512, 518 (W.D.N.C.1998). The Court therefore holds that Jeffery has not established interference with a contract interest under § 1981. The Court grants Defendants’ motion for summary judgment on Jeffery’s § 1981 claim.
 

 
 *1070
 
 (ii) Violation of 42 U.S.C. § 1982
 

 Section 1982 deals with discrimination in property transactions. It states:
 

 All citizens of the United States shall have the same fight, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.
 

 The historical relationship between § 1981 and § 1982 has caused courts to construe these two sections in tandem.
 
 See Morris,
 
 89 F.3d at 413 (citing
 
 Tillman v. Wheaton-Haven Recreation Ass’n,
 
 410 U.S. 431, 440, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973)).
 

 The Court grants Defendants’ motion for summary judgment on Jeffery’s § 1982 claim for the same reason it granted the motion on the § 1981 claim. After the incident sparked by Taylor’s request to search his bag, Jeffery purchased the deadbolt and left the store without hindrance. Accordingly, Jeffery cannot demonstrate that there was a denial of his right to purchase property.
 

 (iii) Violation of 42 U.S.C. § 2000a
 

 Jeffery also alleges that Defendants discriminated against him in violation of 42 U.S.C. § 2000a, which provides the following:
 

 All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the grounds of race, color, religion, or national origin.
 

 Jeffery’s claim fails because he cannot prove that he was denied full and equal enjoyment. To establish a claim under § 2000a, Jeffery must show that (1) Home Depot affects commerce; (2) Home Depot is a place of public accommodation; and (3) Defendants denied Jeffery full and equal enjoyment of the goods and services of Home Depot.
 
 See
 
 42 U.S.C. § 2000a (1994);
 
 Bobbitt,
 
 19 F.Supp.2d at 521 (citing
 
 United States v. DeRosier,
 
 473 F.2d 749 (5th Cir.1973)). Jeffery was not denied service or access to merchandise at Home Depot. He bought his deadbolt and walked out. Therefore, for the same reason his §§ 1981 and 1982 claims failed, Jeffery cannot establish a claim under § 2000a.
 
 [4]
 

 See Harrison,
 
 1997 WL 227963, at *4 (granting summary judgment on a § 2000a claim as a matter of course because the plaintiff had failed to establish claims under §§ 1981 and 1982). The Court grants Defendants’ motion for summary judgment on Jeffery’s cause of action for violation of § 2000a.
 

 C. The Court Declines to Exercise Summary Judgment With Respect to Jeffery’s Remaining State-Law Causes'of Action.
 

 Title 28, United States Code, section 1367 grants jurisdiction over state-law claims that are “so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.”
 
 See
 
 28 U.S.C. § 1367 (1999). The Court need not exercise such jurisdiction in every case that it exists, however. Under § 1367(c), the Court may decline to exercise supplemental jurisdiction in specified circumstances, including when -“the district court has dismissed all claims over which it has original jurisdiction.”
 
 See
 
 28 U.S.C. § 1367(c)(3) (1999).
 

 Section 1367 codifies and limits the doctrine of pendant claim jurisdiction that originated with
 
 United Mine Workers v. Gibbs,
 
 383 U.S. 715, 86 S.Ct. 1130, 16
 
 *1071
 
 L.Ed.2d 218 (1966).
 
 See Executive Software N. Am. v. United States Dist. Court,
 
 24 F.3d 1545, 1555-59 (9th Cir.1994). Under
 
 Gibbs,
 
 federal courts have jurisdiction over pendant state claims when “[t]he state and federal claims ... derive from a common nucleus of operative fact” such that the plaintiff “would ordinarily expect to try them all in one judicial proceeding,” and the federal issues are “substantial.”
 
 See id.
 
 at 1551 (quoting
 
 Gibbs,
 
 383 U.S. at 725, 86 S.Ct. 1130). Nonetheless,
 
 Gibbs
 
 holds that courts may decline jurisdiction over state claims: “[Pjendant jurisdiction is a doctrine of discretion, not of plaintiffs right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state law claims.... ”
 
 Gibbs,
 
 383 U.S. at 726, 86 S.Ct. 1130. The
 
 Gibbs
 
 Court described the circumstances in which it would be appropriate to decline jurisdiction over state claims, writing: “Certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well.”
 
 [5]
 

 See Gibbs,
 
 383 U.S. at 726-27, 86 S.Ct. 1130.
 
 Gibbs
 
 also demands a concern for comity between the federal and state courts in deciding whether to retain jurisdiction over pendant state claims: “Needless decisions of state law should be avoided both as a matter of comity” and to promote “a surer-footed reading of applicable law.”
 
 Gibbs,
 
 383 U.S. at 726, 86 S.Ct. 1130.
 

 While § 1367 supplants
 
 Gibbs
 
 and its progeny, the
 
 Gibbs
 
 analysis remains relevant in determining whether to exercise supplemental jurisdiction under the statute. The Ninth Circuit holds that a decision to decline jurisdiction under § 1367(e) must be reached through a two-step analysis: (1) the Court must determine that one of the “factual predicates” of § 1367(c)(1) -(3) exists; and (2) the Court must decide that declining jurisdiction best serves the values of “economy, convenience, fairness, and comity” established by
 
 Gibbs. See Executive Software,
 
 24 F.3d at 1557. When the circumstances of § 1367(c)(1) — (3) exist, “the underlying
 
 Gibbs
 
 values ordinarily will ‘point toward’ declining jurisdiction.”
 
 See Executive Software,
 
 24 F.3d at 1557 (quoting
 
 Carnegie-Mellon Univ. v. Cohill,
 
 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). In the end, however, the decision to decline jurisdiction over pendant state claims is squarely within the discretion of the district court.
 
 See San Pedro Hotel Co. v. City of Los Angeles,
 
 159 F.3d 470, 478-79 (9th Cir.1998);
 
 Patel v. Penman,
 
 103 F.3d 868, 877 (9th Cir.1996).
 

 In this case, the Court has dismissed all federal causes of action with prejudice, leaving only Jeffery’s five state-law claims. Thus, the “factual predicate” found at 28 U.S.C. § 1367(c)(3) exists. After considering the values established by
 
 Gibbs,
 
 the Court exercises its discretion by refusing to extend supplemental jurisdiction to Jeffery’s state-law claims. The Court therefore dismisses those claims for lack of jurisdiction. Because the statute of limitations has not run, Jeffery may refile his state-law causes of action in state court.
 

 IV. Conclusion
 

 For the reasons set forth above, the Court grants Defendants’ motion for summary judgment with respect to Plaintiffs federal causes of action and declines to exercise supplemental jurisdiction over Plaintiffs state-law causes of action. Accordingly, the Court dismisses the case in its entirety.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Unless noted, the following facts are not disputed by the parties.
 

 [2]
 

 .
 
 Because the statute of limitations has not run, Jeffery may refile his state-law causes of action in state court.
 

 [3]
 

 . Because the Court grants summary judgment on Jeffery’s § 1981 claim on the grounds that Jeffery has failed to show deprivation of the right to "make and enforce contracts,” the Court need not address whether Taylor's request to search the red canvas bag was motivated by racial discrimination, a fact that the parties dispule. In this order, the Court does not decide whether Taylor acted with discriminal ory intent. If Taylor was, in fact, motivated by racial discrimination, the Court would consider the search request to be truly reprehensible conduct. Nonetheless, the law clearly establishes that, even if ihe search request was racially motivated, § 1981 would still not provide a statutory basis for a remedy in this case because Jeffery cannot prove interference with a contract right.
 

 [4]
 

 . The Court does not mean to imply that no amount of delay in service could violate § 2000a, if caused by intentional discrimination. Rather, "there may be some level of bad service that would suffice to satisfy the third prong of the section 2000a prima facie case.”
 
 Bobbitt,
 
 19 F.Supp.2d at 522. That level is simply not reached by the. undisputed facts of this case.
 

 [5]
 

 . This circumstance, where refusal to exercise jurisdiction is appropriate, is codified in the supplemental jurisdiction statute at § 1367(c)(3).