BARRY, Judge.
This is an action seeking to annul the statutory will of Laura McCloskey Clement. A nephew and closest living relative, John M. Hagerty, filed an opposition [1] to the will, but when the matter was scheduled for trial Hagerty stated he couldn’t proceed because he did not have an attorney. The District Court dismissed his petition with prejudice and he now appeals.
Appellant urges two errors: that the trial court’s denial of his continuance precluded “his day in court”; and that proponents of the will are required to prove its authenticity- ‘
The testatrix died on April 5, 1978 at the age of 96 and her will was probated the next day. Hagerty’s intervention was filed in proper person and in forma pauperis on July 14,1978 while he was incarcerated in a federal correctional institution. The intervention alleged fraud and testamentary incapacity and requested the proceedings be stayed. The executor responded with dilatory and declinatory exceptions. Hagerty was paroled in December, 1978 after which time he obtained an attorney who amended the pleadings and further alleged formal defects in the probated will. Trial was set for May 14, 1979.
Hagerty’s counsel was granted a continuance on May 3,1979. The matter was reset for June 26, 1979 but a second continuance was granted on June 21, 1979. On the executor’s motion the case was set for trial on January 29, 1980; however, on December 6, 1979 Hagerty’s attorney withdrew based upon “continued differences between himself and his client”. On January 15, 1980 Hagerty filed a motion in proper person requesting a third continuance — this motion was denied.
On January 21, 1980, eight days before trial, new attorneys enrolled as counsel and were granted a continuance. The trial was reset for May 12, 1980, but on May 8, 1980 these attorneys withdrew, citing “differ- *703 enees with Mr. Hagerty which cannot be resolved”.
On May 9, 1980 Hagerty appeared in proper person and requested a fourth continuance which was denied by the court. On the morning of trial, May 12, 1980, this court denied a writ filed by Hagerty seeking a review of the lower court’s denial of his requested continuance.
When the matter was called for trial, Hagerty refused to present evidence and stated he could not proceed without an attorney. The trial judge then asked counsel for the executor to move for dismissal of the intervention, but the executor’s counsel requested the court’s indulgence in order to put on a prima facie case. The court stated it wasn’t necessary, denied the executor’s proffer, and ordered the matter dismissed with prejudice. Hagerty, in proper person, took supervisory writs to our Supreme Court which were denied and this appeal followed.
Appellant first complains, in effect, that the trial court abused its discretion in failing to grant the fourth continuance. A review of the record clearly shows otherwise. This matter was set for trial on May 14, 1979, June 26, 1979, January 29, 1980, and finally on May 12, 1980. Three continuances were granted upon appellant’s request and were apparently necessitated by his inability to agree with his attorneys. The decedent’s will was probated April 6, 1978 and appellant has succeeded in delaying implementation of Mrs. Clement’s bequests for three years, possibly longer if this matter goes to a higher court. Hagerty’s last motion for a continuance was not based on one of the peremptory grounds found in C.C.P. Art. 1602[2] and was therefore within the trial court’s discretion. See Town of Richwood v. Goston, 340 So.2d 632 (La.App.2nd Cir.1976), writ denied 342 So.2d 871.
A defendant in civil litigation certainly has the right to have the case heard as soon as practical and a dilatory opponent can cause irreparable injury and injustice, particularly when a plaintiff’s case is weak. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App.3rd Cir.1975). A continuance may be granted in any case if there is sufficient ground therefore, but that determination is within the sound discretion of the trial judge. Considering the totality of appellant’s numerous opportunities to “have his day in court”, we fail to find any abuse of discretion in denial of appellant’s fourth request for a continuance.
Appellant’s able counsel argues that the intervention should not have been dismissed without first requiring that the will be proven as to authenticity and compliance with formal requirements. However, this argument is without merit in view of C.C.P. Art. 2932 which provides:
“The plaintiff in an action to annul a probated testament has the burden of proving the invalidity thereof, unless the action was instituted within three months of the date the testament was probated. In the latter event, the defendants have the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of the law.”
Appellant urges that this article establishes a prescription period which does not apply because the record is void of any evidence indicating appellant’s knowledge that Mrs. Clement’s will had been probated. We disagree. C.C.P. Art. 2932 does not establish a “notice” requirement, but simply provides a specific time to determine which party must carry the burden of proof. Appellant’s opposition was filed more than three months after probate and the burden of proving invalidity of the testament clearly rested with Hagerty.
*704 Finally, appellant’s opposition was also based on the decedent’s alleged incapacity due to her advanced age, citing her poor mental condition and senility. However, the person who alleges testamentary incapacity has the burden to affirmatively establish its existence since testamentary capacity is always presumed until the contrary is affirmatively established. Succession of Montero, 365 So.2d 929 (La.App.4th Cir.1978).
For the foregoing reasons, the judgment of the District Court is affirmed.
AFFIRMED.

. Appellant’s pleading was styled “Petition of John McCloskey Hagerty as Intervenor”.

. C.C.P. Art. 1602. A continuance shall be granted in the following cases:
(1) If the attorney of record in the case is a member of the legislature and his absence is caused by his attendance at a legislative session; or
(2) If at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.