No. 85–84.   HAGERTY *v.* KELLER, EXECUTOR OF THE SUCCESSION OF CLEMENT, ET AL.   C. A. 5th Cir.   Certiorari denied.

CHIEF JUSTICE BURGER.

I agree that we should deny the petition for certiorari, but I would award respondents costs and fees under Rule 49.2.   The time has come—indeed it is long past—when the Court should enforce Rule 49.2 or strike it.   This petition, like much which preceded it, is utterly frivolous.   On this record I can only conclude that petitioner and his counsel have filed actions designed to delay the orderly settlement of the estate of respondent Keller's decedent.   This misuse of judicial processes should subject the attorney who filed the petition here to the sanction of Rule 49.2.[1]

On July 14, 1978, petitioner brought suit in Louisiana state court to contest the probate of the will of his aunt, Laura Clement.   Petitioner requested and received no fewer than three continuances.   The trial was finally set for May 12, 1980.   Three days before trial, petitioner requested and was denied a fourth continuance.

On the day of trial, petitioner appeared before Judge Melvin Duran, objected to the proceedings, offered no evidence, and stood mute.   Judge Duran accordingly dismissed the suit with prejudice.   The intermediate state appellate court unanimously affirmed.   *Succession of Clement*, 402 So. 2d 702 (La. App. 1981). That court noted that petitioner had "succeeded in delaying implementation of Mrs. Clement's bequests for three years, possibly longer if this matter goes to a higher court."   *Id.*, at 703.   The court concluded that Judge Duran had not abused his discretion, after granting three continuances, in refusing to grant a fourth.

---

[1] Rule 49.2 provides: "When an appeal or petition for writ of certiorari is frivolous, the Court may award the appellee or the respondent appropriate damages."

The Louisiana Supreme Court unanimously declined to review the case. 407 So. 2d 733 (1981).

Petitioner then brought a 42 U. S. C. § 1983 action in the United States District Court for the Eastern District of Louisiana. Petitioner contended that the state trial court, by refusing his request for a fourth continuance, had deprived him of due process of law. He named as defendants the Clerk of the Orleans Parish Civil District Court, Dan Foley; the Succession of Laura Clement; the executor of the will, Thomas Keller; and Judge Duran. The defendants, respondents in this Court, moved for dismissal of the action. The District Court correctly granted the motion, concluding that the complaint should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim. Petitioner then took an appeal to the United States Court of Appeals for the Fifth Circuit.

That court unanimously affirmed, holding that the District Court had properly dismissed the action on jurisdictional grounds. 749 F. 2d 217 (1984). Petitioner's suit was brought in the face of the "well-settled rule" that a plaintiff may not seek reversal of a state-court judgment simply by casting his complaint in the form of a civil rights action; Supreme Court and Fifth Circuit precedent "clearly prohibit[ed]" the effort made by petitioner. The Court of Appeals also held that the District Court had properly dismissed petitioner's suit for failure to state a claim. The court explained that ordinarily it would not be inclined to give this issue any attention since the District Court's judgment in its entirety could be affirmed for lack of subject-matter jurisdiction. However, "to further demonstrate the frivolousness of the appeal," the court addressed this point as well, concluding that the trial court had properly dismissed the claims against all defendants on this basis.[2]

---

[2] Petitioner had named as a defendant Dan Foley, the Clerk of the Orleans Parish Civil District Court. But Foley was without any power or authority under state law to grant or deny continuances. Moreover, there was no allegation that Foley was involved in any sort of a conspiracy to deprive petitioner of his constitutional rights. Indeed, the complaint did not even allege any act or omission on Foley's part that caused injury. Petitioner had also named the succession of Laura Clement and Thomas Keller, the executor of the estate, as defendants. But, the Fifth Circuit noted, in order to sustain an action under § 1983, the plaintiff must prove that the defendant, acting under color of state law, deprived him of a right secured by the Constitution and laws of the United States. Petitioner had not alleged that either the succession or Keller had conspired with the state trial court. In fact, petitioner's complaint contained no allegation or facts concerning either of these defend-

The court assessed double costs and fees against both petitioner and his attorney under Federal Rule of Appellate Procedure 38 and under 28 U. S. C. §§ 1912 and 1927; it held that petitioner had imposed an unnecessary burden on it and had infringed upon the right of respondents to have a prompt adjudication of this dispute. The court noted, however, that awarding costs against petitioner alone would not deter his attorney from bringing similar frivolous appeals in the future. The court therefore remanded to the District Court for an apportionment of the amount of damages between petitioner and his attorney.

Petitioner continued to protract these proceedings by seeking a writ of certiorari in this Court. In his filing to this Court, however, petitioner did not attempt to refute the careful analysis of the Court of Appeals. Although petitioner was clearly confronted with numerous adverse precedents from this Court and from other courts, he advanced no "good faith argument for an extension, modification, or reversal of existing law." ABA Code of Professional Responsibility DR 7–102(A)(2) (1980).

It is evident, therefore, that petitioner and his counsel have filed in this Court a completely frivolous petition as the most recent in a series of patently unfounded suits, whose effect has been to keep issues involving decedent's will in state and federal courts for more than seven years. Since this appears to be a case where "unmeritorious litigation has been prolonged merely for the purposes of delay, with no legitimate prospect of success," *Talamini* v. *Allstate Insurance Co.*, 470 U. S. 1067, 1071 (1985) (STEVENS, J., concurring), I would award respondents $1,000 against Jesse S. Guillot, Esq., petitioner's attorney.

___

ants, only the conclusion that petitioner was entitled to damages from them. Finally, the Fifth Circuit considered the claims against state trial judge Melvin Duran. Judges are clearly entitled to absolute immunity from § 1983 suits involving actions taken in their judicial capacity. Petitioner had sued Judge Duran only because he exercised his judicial discretion in a case properly before his court.