**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

H. ANTHONY CHAVEZ; UNITED
TRANSPORTATION UNION,
LOCAL 1745,

       Plaintiffs,

PAUL LIVINGSTON, Plaintiffs'
Attorney,

       Appellant,

v.

CITY OF ALBUQUERQUE; MARTIN
CHAVEZ, Mayor; LAWRENCE
RAEL, Chief Administrative Officer;
ANNE WATKINS, Director of Transit
Department; VIVIAN SANCHEZ,
Director of Human Resource;
PEGGY A. HARDWICK, Director of
Employee Relations,

       Defendants-Appellees.

No. 99-2359
(D.C. No. CIV-97-1348-JP)
(D. N.M.)

---

**ORDER AND JUDGMENT**  *

---

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Paul Livingston appeals from the district court's order entering a formal reprimand and admonition against him. We affirm.

Livingston is the attorney for the plaintiffs in this action. He filed a complaint in this case pursuant to 42 U.S.C. § 1983 on November 26, 1996, charging that the defendants had violated plaintiff H. Anthony Chavez's constitutional, statutory and contractual rights by terminating and refusing to reinstate Chavez's employment as a bus driver for the City of Albuquerque (City).

The complaint included allegations against defendant Edward F. Benavidez, a hearing officer for the City. It charged that Benavidez had improperly denied Chavez a post-termination hearing after Chavez had been terminated from his job. Specifically, the complaint alleged that Benavidez had refused to recognize Chavez's counsel at the scheduled post-termination hearing, had questioned his jurisdiction to hold the hearing, had refused to hold the hearing, and had later recused himself without explanation.

On October 21, 1997, counsel for Benavidez sent Livingston a letter demanding that Livingston withdraw the complaint against Benavidez. The letter argued that Benavidez was absolutely immune for his conduct as a hearing officer, characterized the complaint against Benavidez as "unwarranted by existing law" and warned that unless it were withdrawn, Benavidez would seek Rule 11 sanctions against Livingston and his clients. Appellant's App. at 25.

Livingston failed to withdraw the complaint. Benavidez then hand-delivered a motion to dismiss on the basis of absolute immunity to Livingston on November 3, 1997. When Livingston still failed to withdraw, Benavidez filed the motion with the district court on December 4, 1997. Plaintiffs did not respond to the motion. The district court, acting on the motion, dismissed Benavidez from the suit on the basis of absolute immunity on December 17, 1997.

On February 17, 1998, Benavidez served a motion for Rule 11 sanctions on Livingston. He then filed the motion with the district court on March 12, 1998. On March 13, 1998, Livingston served a response and cross-motion for Rule 11 sanctions on Benavidez. He did not file this motion with the district court until March 23, 1998. On March 19, 1998, noting no response from Livingston, the district court granted Benavidez's motion, and scheduled a hearing for March 30, 1998, to determine the nature of the sanctions to be imposed.

On the day of the hearing, Livingston filed a motion for reconsideration of the March 19, 1998 order awarding sanctions. At the hearing, the court noted that Livingston's response and cross-motion for sanctions, and his motion for reconsideration, had purportedly been filed on behalf of both Livingston and his clients. It warned that the cross-motion for sanctions was procedurally defective and that the pleadings Livingston had filed since the March 19, 1998 order might themselves give rise to sanctions against Livingston or his clients. The court gave Livingston until April 10, 1998 to consult with his clients and to either to withdraw his pleadings or file a statement with the court that his clients consented to having them filed on their behalf. Additionally, the court denied Livingston's cross-motion for Rule 11 sanctions.

On April 9, 1998, Livingston withdrew his response to Benavidez's motion for sanctions and the memorandum in support. He filed notice, however, that his clients had authorized him to proceed with the motion for reconsideration. Further briefing proceeded on the motion for reconsideration.

On September 8, 1998, the district court dismissed the underlying suit. On the same day, Magistrate Judge Lorenzo F. Garcia entered an order ruling on Livingston's motion for reconsideration. In the carefully reasoned order, Judge Garcia found that Livingston's motion had been well taken, because in filing the motion for sanctions after the entry of the dispositive order, Benavidez had failed

to comply with the safe harbor provisions of Fed. R. Civ. P. 11(c)(1)(A).  He further found that although sanctions were not available under Rule 11(c)(1)(A), they could be imposed sua sponte by the court pursuant to Rule 11(c)(1)(B), 28 U.S.C. § 1927, or under the court's inherent power.  Judge Garcia gave Livingston fifteen days in which to respond to the proposed order of sanctions.

On December 15, 1998, after reviewing Livingston's response, Judge Garcia recommended that Livingston be formally reprimanded and strongly admonished concerning his conduct.  After reviewing Livingston's objections to the recommendation, the district court denied Livingston's request for an evidentiary hearing and imposed the recommended sanctions.

Livingston raises both procedural and substantive challenges to the award of sanctions against him.  We review all aspects of the district court's Rule 11 determination for an abuse of discretion.  See Cooter & Gell v. Hartmarx Corp. , 496 U.S. 384, 405 (1990). [1]

---

[1]     Neither the magistrate judge's recommendation nor the district court's order expressly states whether the sanctions were entered under Rule 11, 28 U.S.C. § 1927, or the court's inherent power.  Section 1927 provides for an award of costs, expenses and attorney's fees, none of which were awarded here; therefore, it is unlikely that the order of reprimand was entered pursuant to § 1927.  Where both Rule 11 and the court's inherent power are available, ordinarily the district court should rely on Rule 11 to impose sanctions.  See Chambers v. NASCO, Inc. , 501 U.S. 32, 50 (1991).  The magistrate judge's recommendation also contains numerous references to Rule 11 standards.  Accordingly, we will treat the sanctions as if entered under Rule 11.

Livingston first challenges Judge Garcia's authority to adjudicate the sanctions issue. He argues that neither Fed. R. Civ. P. 72(b) nor 28 U.S.C. § 636 provides authority for a magistrate judge to conduct proceedings concerning sanctions against an attorney. He further argues that the district court never entered an order referring the case to Judge Garcia. Livingston's challenge to the magistrate judge's statutory authority has been waived by his failure to raise it in the district court. [2] See Clark v. Poulton, 963 F.2d 1361, 1367 (10th Cir. 1992) ("[A] magistrate judge's lack of statutory authority is not a jurisdictional defect, so any objection is waived if not raised"). Similarly, Livingston has waived his challenge to the lack of a referral order by failing to raise it before the district court. See Griego v. Padilla (In re Griego), 64 F.3d 580, 583 (10th Cir. 1995).

Livingston next argues that the district court erred by failing to award Rule 11 sanctions against Benavidez. Livingston voluntarily withdrew his cross motion for sanctions after the district court noted several procedural defects in the way it had been presented, and stated that the motion itself might be subject to

---

[2] In his objections to the magistrate judge's proposed order of sanctions, Livingston stated, "whether [the recommendation for sanctions] lies beyond the jurisdiction of the Magistrate Court under the district court's referral . . . [is a matter] that should be addressed and decided by the Court pursuant to any award of sanctions." Appellant's App. at 173. This generalized objection falls short of preserving the specific issues raised here for appeal. See Griego v. Padilla (In re Griego), 64 F.3d 580, 583 (10th Cir. 1995). Moreover, it expressly acknowledges the existence of a referral by the district court.

-6-

sanctions under Rule 11. Livingston declined to accept the district court's invitation to renew his motion in correct procedural posture. Accordingly, he has also waived this issue.

Livingston further contends that the district court erred on the merits by entering sanctions against him. The magistrate judge found that Livingston's claim against Benavidez was not warranted by existing law, and that Livingston was not seeking to extend, modify or reverse existing law or to establish new law in raising the claim. He found that Livingston had raised, and lost, the issue of whether a city personnel hearing officer could be sued pursuant to 42 U.S.C. § 1983 in several previous cases in which the hearing officer had been dismissed because of absolute immunity. He also found that Livingston knew that authority from this court had held that a hearing officer was immune from liability. See Saavedra v. City of Albuquerque, 73 F.3d 1525, 1530 (10th Cir. 1996).

Livingston admits that he represented the plaintiff in Saavedra, and thus knew the holding of the case. He argues, however, that he should not have been sanctioned because Saavedra is factually distinguishable from this case. The plaintiff in Saavedra attacked the public hearing officer for his recommended decision. Here, Livingston attacked Benavidez for maliciously delaying the proceedings and for unjustifiably recusing himself. The purported distinction is

one without a difference, as neither of Livingston's theories of liability offers an adequate rationale for denying absolute immunity.

Our decision in Saavedra was based on Butz v. Economou, 438 U.S. 478, 511-14 (1978), which extended the same absolute immunity protection afforded to judges to administrative hearing officers. Butz notes that a judge's malicious motive is irrelevant to the determination of whether he is entitled to absolute immunity. See Butz, 483 U.S. at 493; see also Pierson v. Ray, 386 U.S. 547, 554 (1967). Shorn of its "malicious motive" element, then, Livingston's argument is that Benavidez lacked absolute immunity and was liable to suit solely because he delayed the proceedings.

It is well-established that scheduling decisions in proceedings are taken within the adjudicator's judicial capacity and lie within the realm of judicial discretion; the judge who makes them is therefore entitled to absolute immunity. See, e.g., Hagerty v. Keller, 474 U.S. 968, 969 & n.2 (1985) (Burger, J., specially concurring in denial of writ of certiorari) (Mem.). "A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges . . . are afforded absolute immunity." Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). Livingston's argument that

-8-

Benavidez lacked immunity for delaying the proceedings is therefore entirely lacking in merit. [3]

Livingston's other argument for denying absolute immunity lies with Benavidez's allegedly unexplained recusal. The decision whether to recuse clearly "involves the kind of discretionary decisionmaking that the doctrine of judicial immunity is designed to protect," Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 (1993); see Nichols v. Alley, 71 F.3d 347, 350 (10th Cir. 1995) (noting discretionary nature of recusal decision). Livingston's attempt to avoid absolute immunity based on the recusal decision lacks merit.

Finally, Livingston argues that the award of sanctions is unfair and chills effective advocacy. In particular, he complains that the district court imposed sanctions, in part, because of his failure to respond to Benavidez's motion to dismiss. Livingston contends he had a right to concede the motion by failing to respond, in which case the appropriate "sanction" would have been the dismissal itself. The magistrate judge found, however, that Livingston's failure to advise the court expressly that he did not oppose the motion resulted in unwarranted delay in the proceedings. While Livingston's dilatory conduct, by itself, may not have warranted Rule 11 sanctions, when considered in connection with his

---

[3] This is not to say that a litigant vexed by improper delay in proceedings is without a remedy. That remedy, however, is an application for writ of mandamus to the appropriate court, not a § 1983 suit for damages against the judge.

frivolous attempt to hold Benavidez liable in spite of absolute immunity, it properly forms part of the factual basis for the sanctions imposed.

Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in imposing its reprimand and admonition against attorney Livingston in this case. The judgment of the United States District Court for the District of New Mexico is therefore AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge